Judge: Hon. Marc L. Barreca
Chapter: 7

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENNETH LORENZ<br>KAREN LORENZ,<br><br>　　　　　Debtors. | Bankruptcy Case No. 14-12159<br><br>Adversary No. |
| EDMUND J. WOOD, solely in his capacity as the Chapter 7 Trustee of the estate of Kenneth and Karen Lorenz,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KENNETH LORENZ and KAREN LORENZ, husband and wife and the marital community composed thereof,<br><br>　　　　　Defendants. | COMPLAINT OBJECTING TO DEBTORS' DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE |

EDMUND J. WOOD, solely in his capacity as the Chapter 7 Trustee of the above-referenced bankruptcy estate, by and through his undersigned counsel alleges and complains as set forth below.

**I. PARTIES**

1.1     Kenneth and Karen Lorenz filed a voluntary Chapter 7 bankruptcy petition on March 24, 2014 ("Petition Date") in the United States Bankruptcy Court for the Western District of Washington at Seattle which was assigned case number 14-12159.

1.2     Edmund J. Wood was appointed as the Chapter 7 Trustee on March 24, 2014. Edmund J. Wood brings this action solely in his capacity as Chapter 7 Trustee.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 1 of 20

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §727 and general rule 7 of the United States District Court for the Western District of Washington dated May 22, 1985.

2.2     Venue is proper in this Court. At all times relevant hereto the Debtors resided within the jurisdiction of this Court and conducted business within the jurisdiction of this Court, and filed their bankruptcy petition within the jurisdiction of this Court.

2.3     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

## III. STATEMENT OF FACTS

3.1     The Debtors commenced the case on March 24, 2014 by filing a short-form petition.  The balance of schedules were not filed until almost two and a half months later on June 2, 2014.

**LA Structures Northwest , LLC and LA Interiors Northwest, LLC**

3.2     Kenneth Lorenz was the sole member of LA Structures NW, LLC ("Structures").  Structures was incorporated in the State of Washington on August 19, 2010.

3.3     Structures was in the business of providing construction contracting services.

3.4     Since at least 2014 Structures maintained its place of business at 800 SW 34th Street, Suite D, Renton, Washington 98057 ("Premises").  The Premises was leased by Structures from Oakes dale Commerce Center.

3.5     Upon information and belief the Trustee alleges that by at least January, 2013 Structures was insolvent.  There were State and Federal tax liens filed against the Debtors, in addition to other substantial, unpaid debts.
COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 2

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 2 of 20

3.6     The Debtors paid substantial personal expenses out of the Structures account to and for their benefit in 2010, 2011, 2012, 2013 and 2014.

3.7     On or about October 22, 2013 Lorenz formed LA Interiors Northwest, LLC. ("Interiors").

3.8     Interiors was incorporated while a summary judgment motion was pending against it by one of its creditors, Cross Key Capital, LLC ("Cross Key").    On January 31, 2014 the Summary Judgment Motion was granted and on February 27, 2014 a final judgment was entered against Structures and the Debtors in the amount of $206,686.26.

3.9     At the time Interiors was formed Structures had substantial assets in the form of computers, furniture, equipment, leases, work-in-progress and contracts waiting to be started.

3.10    On or about December 19, 2013 Interiors opened a checking account and payroll account at Columbia Bank, the same bank where Structures maintained its operating and payroll account.

3.11    Structures ceased to operate approximately December 31, 2013.

3.12    Interiors commenced operations on January 2, 2014.

3.13    When Interiors commenced business it did so in the same Business premises as Structures, with the same employees, phone numbers, office furniture, office equipment, bookkeeper and accounting system, and performed the same services as did Structures.

**Automobiles**

3.14    In answer to question 25 on Schedule B the Debtors list five automobiles. They further state that a 2013 Mercedes-Benz C class has a value of zero and that the Debtors hold bare title for their daughter for insurance purposes.    The Debtors' answer to

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 3

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 3 of 20

question 25 further lists a 2012 Subaru Imprez WRX and that they hold bare legal title for their son for insurance purposes and its value is zero.

3.15  In answer to question 7 on the Statement of Financial Affairs ("SOFA") relating to gifts, the Debtors indicated that in January, 2012 they gifted their son, Brandon, with a 2012 Subaru Impreza WRX as a graduation present and it had a value of $22,000.00 and that the Debtors hold bare title for insurance purposes.

3.16  In answer to question 7 on the Statement of Financial Affairs ("SOFA") relating to gifts, the Debtors indicated that in January, 2012 they gifted their daughter, Makaili, with a 2013 Class C Mercedes Benz as a graduation present and it had a value of $35,000.00 and that the Debtors hold bare title for insurance purposes.

3.17  In answer to question 10 on the SOFA, "other transfers", the Debtors stated that there was a "$39,000.00 loan from the parents to purchase 2012 Subaru WRX and 2013 Mercedes C-Class gifted to Debtors' son and daughter in January 2013 and March 2013, respectively."

3.18  Upon information and belief the Trustee alleges that the only loan from the wife's parents Ralph and Catherine Holtmann, was made in December, 2010 in the amount of $35,000.00 and was not made for the purpose of buying brand new automobiles for an 18 year old (son) and a 16 year old (daughter).

3.19  At the section 341 meeting held on June 5, 2014 Kenneth Lorenz testified as follows:

Q:    (Wood)    On these vehicles, the Subaru and Mercedes, how was that transaction structured.

A:    (Lorenz)    Well there was money that was given to us by Karen's folks for the kids, for Brandon's graduation and Makaila's graduation.

Q    Graduation from what?

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 4

Wood & Jones, P.S.  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 4 of 20

A: High school, honors classes.

Q: So they gave you the money and so then you bought the cars?

A: Yes.

Q: And put them in your name?

A; For insurance purposes only.

Q: They are titled in your name?

A: Yes, Correct.

Q: And you've insured them?

A Yes

Q Do the kids pay you anything for it?

A: My son does. My son works for me and pays for his own fuel and stuff but the cars are paid off.

Q: How about the insurance?

A: The insurance gets all grouped under mine so I pay the insurance.

3.20 Later in his testimony, in response to questioning by the Trustee's counsel, Mr. Lorenz testified as follows:

A: Brandon's going to back to college, Bellevue College. And Makaili is going to college in the fall, she graduates next week.

Q: When did you buy the Mercedes?

A: Year and a half ago.

Q: So you didn't buy it for her graduation.

A: Well it is for her graduation. It is her graduation gift and for being in top of her class that is what it was for.

**Purchase of Subaru Impreza**

3.21 The Impreza was not gifted in January of 2012 as set forth on the Debtors' schedules, but in October, 2012.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 5 of 20

3.22  The amount paid for the Impreza was not $22,000.00 but is believed to be in excess of $40,000.00.

3.23  There is no deposit into the Debtors' personal bank accounts in October, 2012 in the amount of $35,000.00 or $39,000.00. The deposits into the Debtors' personal bank account, ending 9658, from October 8, 2012 through November 5, 2012 totaled $15,532, all or the majority of which came from Structures. The total deposited into the account from September 5, 2012 through October 8, 2012 was $17,746.98, all or the majority of which came from Structures.

3.24  Upon information and belief the Trustee alleges the money to purchase the Impreza came from the Structures' bank account and not from a loan from Mrs. Lorenz' parents.

**Purchase of Mercedes-Benz**

3.25  On September 30, 2012 the Debtors wrote check #7505 from their Columbia bank account, ending 9658, to Barrier Motors in the amount of $2,500.00 as a deposit for a 2013 Class C Mercedes-Benz. The re: line on the check says "For Makaili 2013 Class C Mercedes". The check did not clear the bank until October 3, 2012.

3.26  There is no deposit into the Debtors' personal bank accounts in October, 2012 in the amount of $35,000.00 or $39,000.00. The deposits into the Debtors' personal bank account, ending 9658, from October 8, 2012 through November 5, 2012 totaled $15,532.00, all or the majority of which came from Structures. The total deposited into the account from September 5, 2012 through October 8, 2012 was $17,746.98, all or the majority of which came from Structures.

3.27  On January 12, 2013 the Debtors wrote check number 7536 to Barrier Motors in the amount of $53,402.55 from Columbia Bank account ending 9658. The re: line says" Makaili" with a smiley face.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 6 of 20

3.28 The total purchase price for the Mercedes-Benz was $55,902.55.

3.29 There is no deposit into the Debtors' personal Columbia bank account ending 9658 in the amount of $35,000.00 or $39,000.00 in January, 2013. There is a deposit in the amount of $60,000.00 into account ending 9658 on January 12, 2013 but that came from the Structures bank account, not the parents of Karen Lorenz.

3.30 There are no deposits from the parents into the Interiors bank account in January, 2014. The $60,000.00 that was transferred to the Debtors to purchase a $55,000.00 car for their 16 year old daughter came from the Interiors Bank account.

3.31 The Debtors' statements as to the source of funds used to purchase a $40,000.00 car for their 18 year old son and a $55,000.00 car for their 16 year old daughter are categorically false.

**$100,000 check for Fire Damage**

3.32 According to the testimony of Mr. Lorenz at his section 341 meeting conducted on June 5, 2014 sometime in the last quarter of 2013 Structures suffered a fire at its premises located 800 SW 34th Street, Renton, Washington at its ("Business Premises") and made a claim to its insurance company for the damage.

3.33 According to the insurance check (which the Trustee subpoenaed) the date of the loss was August 27, 2013.

3.34 On or about December 30, 2013 Utica National Insurance Group made a check payable to Structures for the fire damage claim in the amount of $100,000.00. The check was deposited into the Interiors account on January 2, 2014 and the deposit recorded as "Members equity" for Ken Lorenz.

3.35 Mr. Lorenz was unable to explain why Interiors would be receiving a check for fire damage that was incurred to the Structures space, or why it would be deposited into the Interiors operating account or why it would be credited as members equity. His

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 7

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 7 of 20

testimony seemed to be that Interiors did all of the work to repair the Premises after the check came in but this is not borne out by invoices, checks and other testimony of Mr. Lorenz.

3.36  Mr. Lorenz stated at the section 341 meeting that he would provide the Trustee with documentation relating to the insurance claim but to date none has been provided.

**Records of Interiors**

3.37  A few hours before the continued section 341 meeting that was conducted on June 5, 2014 the debtors provided records to the Trustee and Cross Key pursuant to a 2004 order. One of the documents provided was a general ledger for Interiors.

3.38  At the section 341 meeting Mr. Lorenz was asked numerous questions about the general ledger which he was unable to answer. At one point in time he acknowledged that he did not even know if the general ledger was accurate.

**Stork Loans and Repayments**

3.39  Mr. Lorenz testified that David Stork was an employee of both Structures and Interiors, and that Mr. Stork was a very wealthy individual who sometimes loaned money to Mr. Lorenz so that Mr. Lorenz could then loan the money to either Structures or Interiors to make payroll or other operating expenses.

3.40  In answer to question 10 on the SOFA the Debtors stated that on December 23, 2013 cash in the amount of $29,000.00 was deposited into the debtors' personal account to cover payroll from LA Interiors and that the funds came from David Stork. The address listed for Mr. Stork in answer to question 10 of the SOFA is not Mr. Stork's home address but is merely the address of Interiors.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 8

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 8 of 20

3.41    The Debtors further stated that on February 14, 2014 they transferred a Cashier's Check in the amount of $29,000.00 to David Stork to repay the December 23, 2013 loan used for LA Interiors payroll.

3.42    There was only one deposit into the Interiors account in December, 2013 (the month the account was opened) in the amount of $100.00 so the $29,000.00 was not deposited into the Interiors bank account.

3.43    Interiors was not operating in December of 2013 so it would not have had any payroll to meet.

3.44    The Debtors' personal Columbia Bank account, ending 9658, shows a deposit into the account on December 23, 2013 in the amount of $29,000.00 but there was no documentation provided to the Trustee showing the source of these funds.

3.45    There is no transfer either in the form of a withdrawal, wire transfer, check or ACH debt out of the Debtors' Columbia Bank account ending 9658 in December, 2013 in the amount of $29,000.00.

3.46    There are no deposits into the Structures operating or payroll account in the amount of $29,000.00 in December, 2013.

3.47    On February 14, 2014 there was a Cashier's check purchased from the Interiors account in the amount of $29,000.00 made payable to David Stork.

3.48    On September 10, 2013 David Stork made check number 5338 payable to Ken Lorenz in the amount of $40,000.00. The re: line on the check says "loan".

3.49    Upon information and belief the Trustee alleges that there are no checks from the Lorenzs checking account evidencing the repayment of these funds.

3.50    Mr. Stork is not listed as a creditor on the Debtors' schedules and is not listed on the mailing matrix.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 9

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 9 of 20

3.51 On May 22, 2014 David Stork obtained a Cashier's Check in the amount of $18,000.00 made payable to Ken Lorenz. These funds were not deposited into the Lorenz's bank account.

3.52 At his 2004 examination Mr. Lorenz was asked about these various loans with Mr. Stork. The testimony given does not coincide with the documentary evidence relating to these loans.

**Liabilities listed on schedules are not accurate**

3.53 The Debtors' schedules list unsecured priority claims in the amount of $1,825,770.92 and general unsecured claims in the amount of $3,052,193.06.

3.54 The Debtors' schedules list the following debts to the Internal Revenue Service:

| | |
|---|---|
| $25,058.80 | 2010 Federal withholding, Medicare Employee, SS Employee, Federal Unemployment, Medicare SS Company |
| $61,640.05 | 2011 Federal withholding, Medicare Employee, SS Employee, Federal Unemployment, Medicare SS Company |
| $464,438.80 | 2012 Federal withholding, Medicare Employee, SS Employee, Federal Unemployment, Medicare SS Company |
| $826,874.07 | 2013 Federal withholding, Medicare Employee, SS Employee, Federal Unemployment, Medicare SS Company |
| $14,075.86 | 2014 Federal withholding, Medicare Employee, SS Employee, Federal Unemployment, Medicare SS Company |
| $81,000.00 | No information listed |

3.55 Mr. Lorenz testified at his 341 meeting that he did not believe those amounts listed as owing to the IRS were remotely accurate. He had no explanation as to why inaccurate amounts were listed other than to say his records might not be accurate.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 10

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 10 of 20

3.56 At his section 341 meeting the Debtors were asked if they were personally responsible for the business debts that were listed on Schedule F. Mr. Lorenz testified as follows:

Q: (Wood) You have a lot of debts listed here that appear to be business debts. Did you put all of the debt of the two companies and add them to your schedules?

A: (Mr. Lorenz) Primarily LA Structures is what's listed. We just put everything on there.

Q: Do you think you have liability on a lot of those?

A: As far as liability there is only a few for personal guarantees.

Q: Can you tell me offhand what those are?

A: GTS. I would have to go back and look to know for sure. I can get those to Jeff right away for you.

3.57 As of this date the Trustee has not been provided with a list of what liabilities listed on Schedule F are in fact true obligations of the Debtor and which are merely obligations that are owed by either Structures or Interiors for which the Debtors have no personal liability.

3.58 The liabilities listed on the bankruptcy schedules are not accurate and in fact the Debtors have no personal liability for a large number of the debts listed.

3.59 In answer to question 7 and 10 of the SOFA the Debtors indicated they borrowed $39,000.00 from the parents of Debtor Karen Lorenz. Her parents' names are Ralph and Catherine Holtmann.

3.60 The Holtmanns are not listed as creditors and the debt owing to them is not disclosed in Schedule F.

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 11

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 11 of 20

3.61     On Schedule J the Debtors' disclosed that they pay $500.00 per month to the parents in repayment of this loan.   However, there are no transfers to the Holtmann's disclosed in answer to question 3 (C) on the SOFA.

**Gift Cards**

3.62     The Debtors list deposits for a Disney Cruise on Schedule B in the amount of $1,048,00.  The Debtors bank accounts and those of Interiors show these funds coming out of checking accounts.    When asked about this at the section 341 meeting Debtor Kenneth Lorenz testified he had gift certificates to cover the cost or part of the cruise.

3.63     There are no gift cards disclosed as assets on the schedule B.

**Answers on Statement of Financial Affairs**

3.64     In answer to question 1 on the statement of financial affairs the Debtors disclosed $50,179.91  as their income from employment or operation of business 2014 and indicated they had received no income from any other sources in 2014.

3.65     From January 1, 2014 through the Petition Date the Debtors received salary and distribution from Interiors in an amount of at least $124,923.53.

3.66     On January 2,  2014 the Debtors took a distribution from Structures in the amount of $100,000.00 and then deposited the funds into the Interior checking account with the notation that it was  "members equity".

3.67     The total amount of income received by the  Debtors  in 2014 (including personal expenses paid for out of the Interiors and Structures account) was at least $224,923.53.

3.68     In answer to question 1 on the SOFA the Debtors disclosed $198,864.96  as their business salary income from Interiors in 2013 and indicated they had received no income from any other sources in 2013.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 12

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 12 of 20

3.69    Upon information and belief the Trustee alleges that from January 1, 2013 through December 31, 2013 the amount of salary and distributions that the Debtors received from Structures and other sources was far in excess of the $198,864.96 listed.

3.70    In answer to question 1 on the SOFA the Debtors disclosed $105,106.98 as their income from all sources in 2012 and indicated they had received no income from any other sources in 2012.

3.71    Upon information and belief the Trustee alleges that from January 1, 2012 through December 31, 2012 the amount of salary and distributions that the Debtors received from Structures and other sources was far in excess of the $105,106.98 listed.

3.72    The Debtors paid substantial expenses through both Structures and Interiors but failed to disclose those transfers made for their benefit, which are income to them, in answer to question 1 on their schedules.

**Deposits into youngest daughter's bank accounts that were not disclosed on the SOFA**

3.73    Question 10 of the SOFA requires the Debtors to list transfers that were not made in the ordinary course of business.

3.74    Karen Lorenz is the signatory on a bank account at Columbia Bank, account ending 6109 along with their 11 year old daughter ("Youngest Daughter").

3.75    Up until March 18, 2014 there are only minimal deposits into this account of the nature one would expect to see for a savings account of an 11 year old.

3.76    On March 18, 2014, six days prior to the Petition Date there was a deposit into the bank account of the Youngest Daughter, via telephone transfer, in the amount of $10,034.00 from the Interiors payroll account at Columbia bank, account number ending 7523.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 13

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 13 of 20

3.77 On March 18, 2014 there was another deposit into this account, via telephone transfer, in the amount of $26,103.00 from the Interiors operating account at Columbia bank, account ending 7515.

3.78 On March 21, 2014 there were three transfers from Youngest Daughter's bank account:

    a. $5,000.00 was transferred to the Interiors operating account at Columbia Bank, account ending 7515.

    b. $400.00 was transferred to the Interiors payroll account at Columbia Bank, account ending 7523

    c. $1,000.00 was transferred to the Debtors personal bank account at Columbia bank, account ending 9658.

3.79 On March 21, 2014 $29,751.00 was transferred out of Youngest Daughter's account to the Interiors payroll account at Columbia bank, account ending 7523.

3.80 The transfer of these funds through the Youngest Daughters bank account was not disclosed in answer to question 10 of the SOFA.

3.81 Answer question 23 on the SOFA requires the debtors to provide a list of withdrawals from a partnership or distributions by a corporation within one year of the Petition Date. The Debtors stated they were in the process of determining the amount of the withdrawals. The case has been pending over six months and the Debtors have not yet answered this question.

3.82 Mr. Lorenz has previously filed a bankruptcy petition, case number and in relation to that petition three complaints objecting to his discharge were filed. Ultimately he obtained his discharge. Mr. Lorenz is not unfamiliar with the bankruptcy process, petitions or schedules.

**Payments listed on Schedule J that the Debtors do not, in fact, pay.**

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 14

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 14 of 20

3.83 On Schedule J the Debtor listed 3 automobile payments in the amount of $2,536.00. A review of checks and the general ledger of Structures and Interiors shows that as a general rule these corporations pay the three automobile obligations, not the Debtors so the amount of expenses is overstated by at least $2,536.00.

**Other discrepancies in Schedules**

3.84 Upon information and belief the Trustee alleges that the Debtors failed to list substantial personal property on their Schedule B, or if listed, substantially undervalued the assets. For example, in the six month period prior to filing the Debtors made payment of at least $15,000.00 to Ethan Allen. In answer to question 4 on Schedule B the Debtors disclose household goods and furnishings, furniture, appliances, home electronics and other miscellaneous items with a total value of $7,000.00.

3.85 The Debtors testified they have gift cards to pay for scheduled Disney cruise but there are no gift cards list on Schedule B.

3.86 In answer to question I the Debtors disclose the amount of salary they received from Interiors, but they fail to disclose the substantial income they receive every month by Interior's payment of the personal obligations of the debtors. For example, it appears that in the 60 days after the Petition Date Interiors purchased airfare for the Debtors and their children for two trips to Hawaii in an amount in excess of $10,000.00

**Seattle Seahawk and Seattle Sounder Tickets**

3.87 Either Structures or the Debtors purchased a luxury suite for the 2013 Seahawks Season. The amount to purchase the suite is unknown to the Trustee.

3.88 The Debtors produced a general ledger from Interiors which shows that the following checks were written:

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 15

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 15 of 20

| Date on ledger | Date on check | Ck # | Payee | Amount |
|---|---|---|---|---|
| 1/15/2014 | 1/14/2014 | 1007 | Seattle Seahawks | $25,800.00 |
| 2/20/2014 | 12/16/2013 | 1013 | Seattle Seahawks | $21,000.00 |
| 2/20/2014 | 12/16/2013 | 1075 | Seattle Sounders | $6,850.00 |

3.89  The Trustee subpoenaed all of these checks. Check #107 was written on January 14, 2014 and in the memo line it says that it is for the "NFC Championship game 1-19-14". However, the check was not cashed until February 19, 2014 which was 31 days after the last playoff game and two weeks after the Seahawks had won the Superbowl. There were no playoff game tickets to purchase.

3.90  Check #1074 is not written to the Seattle Seahawks. There is check written to the Seahawks in the amount of $21,000.00 but it is check #1013 and it was written on December 16, 2013 out of the Interiors account. However, on December 16, 2013 the Interiors bank account had a balance of $100.00 in it.  The clear date on the check is February 19, 2014 which was 31 days after the last playoff game and two weeks after the Seahawks had won the Superbowl.  There were no upcoming games to purchase. The check may have been a deposit for the 2014 season.

3.91  Check #1075 is not made payable to the Seattle Sounders. There is check written to the Sounders in the amount of $6,850.00 from the Interiors account but it is check #1012 and is dated December 16, 2013. In December, 2013 there was only $100.00 in the Interiors bank account. The check cleared the bank on February 19, 2014.

3.92  There is an entry on the Interiors General Ledger dated January 22, 2014 that says "draw cash – Ken Lorenz" in the amount of $6,007.00 and this it is characterized as a Members Draw.  The $6,0007.00 cash was taken out of the Interiors checking account and used to purchase a $6,000.00 Cashier's Check made payable to the Seattle Seahawks. The other $7.00 was the bank fee to issue the Cashier's check.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 16

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 16 of 20

3.93 The Debtor was asked about these tickets at the section 341 meeting and he was unable to give an explanation that is reconcilable with the documentation obtained by the Trustee and as such the Debtor has failed to explain exactly the situation in relation to the Seahawk tickets and the funds used to acquire them.

**Post-Petition Events**

3.94 Within weeks of the Petition Date the Debtors and three of their children made not one, but two trips to Hawaii. The expenses for the trips were paid for out of the Interiors bank account. The Debtors schedules do not disclose that Mr. Lorenz was entitled to distributions from Interiors in an amount that would be sufficient to pay for a luxury trip to Hawaii for five people.

3.95 After the Petition Date, after the Trustee objected to the Debtors' exemptions the Debtors conducted a large yard sale and advertised that they were selling a substantial amount of personal property, a large portion of which was not disclosed on the schedules. A detailed list of what was sold at the list has not been provided to the Trustee despite a request for the same.

3.96 A hearing was held on August 1, 2014 on the Trustee's Motion for Order Compelling the Debtors to Turnover Property of the Estate, mainly the Mercedez-Benz and the Impreza. The Judge ruled in favor of the Trustee and ruled that the Mercedes-Benz had to be turned over to James G. Murphy Company and the Impreza was to stay in the shop where it was currently located because the Debtors and their son could not afford to pay to repair the automobile.

3.97 On August 8, 2014, the order incorporating the Judge's ruling was entered and required the Debtors to deliver the Mercedes-Benz to James G. Murphy & Company and thus the automobile was required to be delivered no later than Wednesday, August 13, 2014.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 17

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 17 of 20

3.98     On August 9, 2014 there was an ad placed on Craigslist advertising the rims and wheels of the Impreza for sale.

3.99     On August 13, 2014 Debtor Kenneth Lorenz contacted Todd of James G. Murphy and Company and advised that he would not be turning the vehicle over.  On August 14, 2014 the vehicle was delivered after the Trustee's counsel pointed out failing to comply with a Court order was a ground for denial of discharge.

### IV. FIRST CAUSE OF ACTION – SECTION 727(A) (2)

4.1     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

4.2     The Debtors with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed or mutilated or concealed, or has permitted to be transferred, removed destroyed, mutilated or concealed – (A) property of the debtor within one year before the date of the filing of the petition; and/ or (B) property of the estate, after the date of filing. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(2).

### V.  SECOND CAUSE OF ACTION – SECTION 727(A)(3)

5.1     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

5.2     The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, and the act or failure to act was not justified under all the circumstances of the case. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(3).

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 18

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 18 of 20

## VI. THIRD CAUSE OF ACTION – SECTION 727(A)(4)

6.1 Plaintiff re-alleges and incorporates by reference the allegations set forth above.

6.2 The Debtor knowingly and fraudulently in or in connection with the case – (A) made a false oath or account. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(4).

## VII. FOURTH CAUSE OF ACTION – SECTION 727(A)(5)

7.1 Plaintiff re-alleges and incorporates by reference the allegations set forth above.

7.2 The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(5).

## VIII. FIFTH CAUSE OF ACTION – SECTION 727(A)(6)

8.1 Plaintiff re-alleges and incorporates by reference the allegations set forth above.

8.2 The Debtor has refused in this case to obey a lawful order of the court, other than an order to respond to a material question or to testify. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(6).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For denial of the debtor's discharge pursuant to section 727(a)(2), (3), (4), (5) and (6);

B. For such further relief as the court deems equitable and just.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 19

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 14-01349-MLB    Doc 1    Filed 08/28/14    Ent. 08/28/14 16:52:09    Pg. 19 of 20

Dated this 28th day of August, 2014.

**WOOD & JONES, P.S.**

*/s/ Denice E. Moewes*
Denice E. Moewes, WSBA #19464
Attorney for Chapter 7 Trustee
Edmund J. Wood

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 20

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382