|  | Judge: | Hon. Marc L. Barreca |
|---|---|---|
|  | Chapter: | 7 |
|  | Hearing Date: | October 23, 2014 |
|  | Hearing Time: | 9:30 a.m. |
|  | Hearing Site: | 700 Stewart St, 7106 Seattle, WA 98101 |
|  | Response Date: | October 16, 2014 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENNETH LORENZ<br><br>KAREN LORENZ,<br><br>                Debtors. | Bankruptcy Case No. 14-12159<br><br>Adversary No. 14-1349<br><br>TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO DISMISS COMPLAINT |
| EDMUND J. WOOD, solely in his capacity as the Chapter 7 Trustee of the estate of Kenneth and Karen Lorenz,<br><br>                Plaintiff,<br><br>vs.<br><br>KENNETH LORENZ and KAREN LORENZ, husband and wife and the marital community composed thereof,<br><br>                Defendants. | |

Edmund J. Wood, the Chapter 7 Trustee in the above-referenced bankruptcy proceeding and Plaintiff in this adversary proceeding, objects to the Debtors' Motion to Dismiss Complaint ("Debtors' Motion") for the reasons set forth below.

The Debtors' Motion seeks dismissal of the complaint objecting to the Debtors' discharge on the basis that the Complaint was not timely filed because the prior extensions of the discharge deadline were ineffective to extend the discharge deadline because they merely extended the time to file motion to extend the discharge deadline and not the time to file objections to the compliant.

## I. FACTS

TRUSTEE'S OBJECTION TO DEBTORS'
MOTION TO DISMISS ADVERSARY PROCEEDING

Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206)-6238-4382

Case 14-01349-MLB    Doc 10    Filed 10/16/14    Ent. 10/16/14 10:41:30    Pg. 1 of 4

1.1    Kenneth and Karen Lorenz filed a voluntary Chapter 7 bankruptcy petition on March 24, 2014. Edmund J. Wood was appointed as Chapter 7 Trustee that day.   The petition was a short-form filing. The schedules were due on April 7, 2014.

1.2    On April 9, 2014 the Debtors obtained an extension on the deadline to file the balance of their schedules to April 21, 2014 (docket #12).  A second extension was granted extending the deadline to file schedules until May 5, 2014.

1.3    The section 341 meeting of creditors was set for April 24, 2014.   Mr. Wood received an email from Jeffrey Smoot, the attorney for the Debtors, on April 10, 2014 advising that Mr. Lorenz was ill, the schedules had not been filed and requested a continuance of the section 341 meeting.  Mr. Wood agreed to a continuance of the section 341 meeting to May 15, 2014  if the Debtors would stipulate to an order extending the discharge deadline.   See Declaration of Edmund J. Wood, Exhibit 1.

1.4    On April 13, 2014 Mr. Smoot sent an email to Mr. Wood indicating Mr. Lorenz was not doing any better healthwise and the debtors agreed to extend the discharge deadline.  Mr. Smoot attached  a proposed  stipulation and order he had drafted.  The Stipulation and Order specifically state that "the deadline to file objections to the Debtors' discharge is hereby extended to and including August 25, 2014."  Wood Declaration, Exhibit 2.

1.5    Mr. Wood asked Ms. Moewes to represent him on May 14, 2014.  For whatever reason Ms. Moewes could not open the order from Mr. Smoot and therefore just drafted her own motion and sent it to Smoot.  He signed the order and authorized it to be filed. The Agreed Order was entered on June 2, 2014 (docket #38) and  extended the deadline to object to the discharge to August 6, 2014.

1.6    On July 28 and 29, 2014.  Mr. Smoot agreed to extend the deadline to object to the discharge to September 1, 2014.  Wood Declaration, Exhibit 3.  The order

TRUSTEE'S OBJECTION TO DEBTORS'  
MOTION TO DISMISS ADVERSARY PROCEEDING

Page 2

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206)-6238-4382

Case 14-01349-MLB    Doc 10    Filed 10/16/14    Ent. 10/16/14 10:41:30    Pg. 2 of 4

extending the deadline to object to the complaint was entered on July 30, 2014 (docket #70).

## II. ARGUMENT

The stipulation portion of the Agreed Order reads as follows:

> As evidenced by the signatures below, Edmund J. Wood, Trustee, and Kenneth R. Lorenz and Karen A. Lorenz ("the Debtors"), agree to entry of this order extending the deadline for the United States Trustee, the Chapter 7 Trustee and all creditors to file objections to discharge pursuant to 11 U.S.C. §§523 and 727 of the Bankruptcy Code in the above referenced case.

Therefore, the parties stipulated to extending the deadline for all creditors to file objections to discharge. Thus the Debtors' contention that the Court could reform the order to the intent of the parties, but no one knows what the intent of the parties was is absurd. The stipulation and the prior emails are all consistent. The intent of the parties was to extend the deadline to object to the discharge.

To the extent the Court believes there is an ambiguity as to what was being extended by agreement of the parties the Court should merely apply the doctrine of reformation to remedy the problem.

> The purpose of reformation is to give effect to contracting parties' intentions when, having reached an agreement and having then attempted to reduce it to writing, the parties fail to express it correctly in the writing.

Restatement (Second) of Contracts § 155, Cmt. A (1981).

The elements necessary to establish reformation are set forth clearly in the 9th Circuit BAP case of In re Mastro, 2011 WL 3300140 (9th Cir. BAP. 2011).

The doctrine of reformation conforms a writing to the parties' mutual intent when the writing differs from that intent. Its effect is to properly reduce to writing the intent of the parties when the parties have expressed their intent incorrectly in the writing. St. Regis Paper Co., v, Wicklund, 610 P.2d 903, 905 (Wash, 1980). Reformation is only justified if

TRUSTEE'S OBJECTION TO DEBTORS'  
MOTION TO DISMISS ADVERSARY PROCEEDING  

Page 3

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206)-6238-4382

Case 14-01349-MLB    Doc 10    Filed 10/16/14    Ent. 10/16/14 10:41:30    Pg. 3 of 4

the parties' intentions were identical at the time of the transaction. Here we know the parties intentions were identical because we have the stipulations and emails referenced above. The Debtors intent in the first order, per the email from Jeffrey Smoot and his own stipulation and order, was to extend the deadline for all parties to object to the Debtors' discharge. The same holds true for the second extension. Mr. Smoot specifically states in his email that he agrees to entry of an order extending the deadline to object to the Debtors' discharge. As noted above, the parties intent is taken at the time of the transaction, not the present. It would not be surprising if the Debtors' intent is different now, but what they agreed to at the time was clearly an extension of the deadline to object to the discharge. The stipulations and emails are clear.

The Debtors' Motion should be denied.

Dated this 16th day of October, 2014.

> Wood & Jones, P.S.
>
> *Denice E. Moewes*
> Denice Moewes, WSBA#19464
> Attorney for Trustee.

TRUSTEE'S OBJECTION TO DEBTORS'
MOTION TO DISMISS ADVERSARY PROCEEDING

Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206)-6238-4382

Case 14-01349-MLB    Doc 10    Filed 10/16/14    Ent. 10/16/14 10:41:30    Pg. 4 of 4